NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA *v.* Annie Louise STANDRIDGE, Individually and as Administratrix for the Estate of Carroll Wayne Standridge, Deceased, et al.

89-44                                            771 S.W.2d 22

Supreme Court of Arkansas
Opinion delivered June 5, 1989

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellant.

*Young & Finley*, by: *Dale W. Finley*, for appellee.

DARRELL HICKMAN, Justice. This is the second appeal concerning the estate of Carroll Wayne Standridge, deceased. In *Standridge* v. *Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989), we decided that Standridge's marriage to Annie Standridge was not legal because her previous marriage had not been terminated

by divorce. That appeal was pending in this court when the probate judge entered the orders questioned in this case. We reverse because the probate judge improperly entered the orders.

Standridge was killed in a motorcycle accident and a wrongful death action was filed in federal court by his second wife, Annie, the administratrix of his estate. A structured settlement was negotiated with appellant, National Union Fire Insurance Company. Annie petitioned the probate court for approval of the settlement. When the appellant became aware that Annie Standridge's legal status would be challenged, it sought to intervene in the probate action and interplead the settlement money.

The judge agreed, but then the appellant decided it should not intervene because the probate court did not have jurisdiction to permit intervention and interpleader, and did not have jurisdiction to act on the case while the appeal was pending. After a hearing, the probate judge entered judgment in favor of Annie Standridge for $445,071, the settlement amount, plus interest. The court also ordered the appellant to interplead "funds necessary to fully consummate the . . . settlement."

■ We need not address all the arguments made by the appellant because the trial court's orders were improvidently entered. Ark. Code Ann. § 28-1-116(e) (1987) specifically applies to cases like this. It states in part:

> An appeal shall stay other proceedings in the probate court except when, and to the extent that, the court finds that no interested person will be prejudiced and by order permits other proceedings to be had.

The statute indicates that a court may not proceed further in a probate case when an appeal has been taken *unless* it makes a finding that no one will be prejudiced and *by order* permits additional proceedings. No such finding or order was made in this case, even though it was pointed out to the judge that the appeal had been docketed in the supreme court.

■ The orders issued in this case were not collateral. They awarded judgment to an administratrix when the issue on appeal concerned the legal status of the administratrix. Therefore, the court did not have authority to issue the orders in question.

Reversed and dismissed.

PURTLE, J., not participating.