ROBERT J. GLADWIN, Judge
Betty Guenther appeals the Pulaski County Circuit Court's July 25, 2017 order appointing a permanent guardian of the person and estate of James Guenther, her husband, and the order appointing a temporary guardian of James filed March 2, 2017. Her sole argument on appeal is that *133 the circuit court erred by ordering her to transfer all the funds previously held jointly in her and James's names into James's guardianship account to be administered by appellees Glynn Guenther and Aric Guenther, James's son and grandson, respectively, and to return all of James's property to his estate. For the following reasons, we dismiss the appeal.
The record was lodged on appeal on October 25, 2017. According to pleadings filed-first in the circuit court, then in this court-Betty died on November 2, 2017, after the record had been lodged on appeal. In Planchon v. Local Police & Fire Retirement Systems , 2015 Ark. 131, 458 S.W.3d 728, the Arkansas Supreme Court stated that "[it has] no rule governing substitution on appeal." In Planchon , the appellant died after the record was lodged; as a result, his attorney filed a motion for revivor and substitution or, alternatively, to remand to the circuit court for entry of such an order. The supreme court remanded because there was no statute or rule in place that allowed for revival and substitution of an appellant otherwise. See id. In response to Planchon , Rule 12 of the Arkansas Rules of Appellate Procedure-Civil was adopted to create a procedure for substitution of parties on appeal. Rule 12 became effective in January 2018.
In the instant matter, instead of filing a suggestion of death and a motion for revivor or remand in our court, which was the procedure before January 2018, Betty's counsel filed a petition in the circuit court after the record had been lodged on appeal but before the effective date of Rule 12. The petition, filed in James's guardianship matter (60PR 2016-2225), was for special administrators to be appointed and substituted as the party for Betty in the guardianship matter and in the appeal (CV-17-884). The order was signed and filed by the circuit court on December 13, 2017. On March 12, 2018, special administrators on behalf of Betty filed a motion in this court to supplement the record, requesting that the petition for special administrators and order appointing them be added to the record on appeal, thus substituting themselves as the party for Betty on appeal.[1]
However, the circuit court was without jurisdiction to appoint special administrators to act on Betty's behalf. Arkansas Code Annotated section 28-1-116(e)(1) (Repl. 2012) provides that an appeal shall stay other proceedings in the circuit court except when and to the extent that the court finds that no interested person will be prejudiced and by order permits other proceedings to be had. Generally, a circuit court loses jurisdiction to act once the record is lodged on appeal. See Myers v. Yingling , 369 Ark. 87, 251 S.W.3d 287 (2007) (filing of a notice of appeal from an unappealable order and the subsequent lodging of the record in the appellate court bars the circuit court from acting further until the appellate court formally dismisses the appeal).
Nonetheless, in child-custody and child-support cases, the circuit court retains jurisdiction to modify or enforce prior orders, see Slaton v. Slaton , 330 Ark. 287, 956 S.W.2d 150 (1997), and circuit courts have continuing jurisdiction to correct records in order to make them speak the truth, see Myers, supra. By analogy, a guardianship case requires the circuit court's ability to modify or enforce its orders based on the needs of the ward. E.g. , *134 Kuelbs v. Hill , 2010 Ark. App. 793, at 5-6, 379 S.W.3d 716, 719-20 (the circuit court acted within its authority by removing a noncompliant guardian after the record had been lodged on appeal). Taking this reasoning to its fullest extent, a circuit court would not have jurisdiction in a guardianship case to "act further" in the matter, save for its need to enforce or modify orders based on the ward's needs. See id. Thus, the exception to the rule that a circuit court loses jurisdiction to act once the record is lodged on appeal as described in Kuelbs -a circuit court must act to safeguard the ward-is not applicable in the present circumstances. The circuit court was without authority to appoint special administrators to replace Betty, whose case was on appeal and squarely within this court's jurisdiction.
Accordingly, because the appeal before us does not have an appellant to prosecute the appeal, we dismiss.[2] ,[3]
Dismissed.
Virden and Vaught, JJ., agree.

This court mistakenly granted the motion to supplement the record, not taking into consideration the implications of Planchon , supra , and the resulting Rule 12, because neither party made these arguments in their pleadings before this court.

Appellees filed a pending motion in the Arkansas Court of Appeals on March 19, 2018, alleging that Betty's appeal should be dismissed because she failed to submit it within thirty days from the judgment, decree, or order appealed from as required by Rule 4(a) of the Arkansas Rules of Appellate Procedure-Civil (2018), arguing that Betty's point on appeal referred only to the temporary order, which is an appealable order under Arkansas Code Annotated section 28-65-218(i) (Repl. 2012). Because the appeal is dismissed on other grounds, appellees' motion to dismiss is moot.

The question Betty brought before this court on appeal is whether the circuit court erred in ordering her to reinstate funds, which had been held jointly by her and James, into James's guardianship account, to be used for both of them. Because Betty has died, the joint nature of the original accounts would necessarily convert to sole ownership in James; thus, the issue on appeal appears to be moot.