Cite as 2024 Ark. App. 358

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-21-422

|  |  |
|---|---|
| CODY TACKETT | Opinion Delivered May 29, 2024 |
| APPELLANT | |
|  | APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT |
| V. | [NO. 67PR-20-7] |
|  | |
| AMY FREEDMAN, SPECIAL ADMINISTRATRIX OF THE ESTATE OF JOHN Z. TACKETT, JR. | HONORABLE CHARLES A. YEARGAN, JUDGE |
| APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

This appeal arises from the denial of Cody Tackett's claim against the estate of his father, John. We note that there was a previous appeal of this probate action. In the first probate appeal, *Tackett v. Freedman*, 2022 Ark. App. 135, 641 S.W.3d 683, we affirmed the circuit court's order that approved a settlement between Miller-Claborn Oil Distributing Co., Inc., and John's estate.

## I. *Factual and Procedural Background*

John died suddenly—and intestate—in 2019. He was survived by his spouse, Melissa Tackett, and two adult children, Cody Tackett and Toni Tackett Womble. *Tackett*, 2022 Ark. App. 135, at 1, 641 S.W.3d at 684. The circuit court appointed Amy Freedman as the administratrix on January 29, 2020.

On July 13, Miller-Claborne filed a timely presentment of claim against the estate for $552,564.49. *Id.* at 3, 641 S.W.3d at 687. On October 30, Cody filed an affidavit to claim against the estate for $733,122.46 for debts allegedly incurred by TTC, Inc., and Red River Sand and Gravel, Inc. *Id.* at 3, 641 S.W.3d at 687. In the affidavit, Cody alleged that TTC and Red River Sand had been established by John in Cody's name when Cody was a minor and that he worked only as a shop manager and mechanic with no ownership or managerial responsibilities. On December 3, Freedman filed a notice of disapproval of Cody's claim for two reasons: (1) Cody submitted the claim in his individual capacity but alleged the debts were owed to TTC and Red River Sand; and (2) the claim was barred by the statute of limitations.

Meanwhile, on November 23, the circuit court had entered an order approving a settlement for Miller-Claborn's claim against the estate. *Id.* at 3, 641 S.W.3d at 687. The settlement involved payments by the estate and by Melissa and Hwy 71 Trucking, LLC. *Id.* at 3, 641 S.W.3d at 687. The order approving that settlement was the subject of the first probate appeal. This court affirmed the circuit court's order in *Tackett, supra.* (the "First Probate Appeal").

The record in the First Probate Appeal was lodged on February 22, 2021.

On April 6, 2021, the circuit court filed a memo setting an in-person hearing for April 15 concerning both the probate action and a motion for contempt that had been filed in a civil action involving the same parties. The civil action was being litigated in Little River County and is the subject of the appeals in both *Tackett v. Miller-Claborn Oil Distributing Co.*,

2

*Inc.*, 2024 Ark. App. 359, ___ S.W.3d ___, and *Tackett v. Miller-Claborn Oil Distributing Co.,*
*Inc.*, 2024 Ark. App. 360, ___ S.W.3d ___, also handed down this date. Both cases were
presided over by Judge Charles A. Yeargan. The hearing was to take place in the Sevier
County Courthouse. Cody objected to jurisdiction and venue regarding the civil action but
did not file any motions or documents regarding the probate action.

The hearing was held in the Sevier County Courthouse on April 15 as planned. The
circuit court granted Cody's motion with regard to venue and jurisdiction and decided not
to proceed in the civil action. Instead, the circuit court decided to hear the disallowance of
Cody's claim in the probate action. During the hearing, Mr. Arnold, Cody's attorney,
objected, arguing that he received no notice that the circuit court would be considering the
disallowance of claim. The circuit court referenced several e-mails and memos sent by his
trial court assistant in an attempt to schedule the hearing and denied Arnold's objection and
proceeded. Cody presented no evidence regarding his claim at the hearing.

On May 5, the circuit court entered an order disallowing Cody's claim against the
estate. On May 17, Cody moved for new trial and argued that a new trial was required by
Arkansas Rule of Civil Procedure 59(a). The circuit court entered an order denying the
motion for new trial on July 1.

## II. *Standard of Review*

We "review probate proceedings de novo on the record but will not reverse a circuit
court's factual determinations unless they are clearly erroneous. We do not, however, defer

on pure issues of law." *Hamm v. Hamm*, 2013 Ark. App. 501, at 4, 429 S.W.3d 384, 387 (citations omitted).

Arkansas's appellate courts have "observed that the Probate Code is 'particularly thorough and perspicuous legislation.'" *Halbrook v. Roberson*, 2023 Ark. App. 202, at 5, 665 S.W.3d 268, 271 (quoting *Minchew v. Tullis*, 236 Ark. 818, 821, 368 S.W.2d 282, 284 (1963)). Unlike civil cases in general, a great many probate orders are subject to interlocutory appeals. *See* Ark. Code Ann. § 28-1-116(a) (Repl. 2012).

The Probate Code also mandates that "[a]n appeal shall stay other proceedings in the circuit court except when and to the extent that the court finds that no interested person will be prejudiced and by order permits other proceedings to be had." Ark. Code Ann. § 28-1-116(e)(1). It is undisputed that in this case, no such finding was made, and no such order was entered. Additionally, there is no dispute that the order disallowing Cody's claim was entered after the record had been lodged in the first appeal. This is, therefore, a pure question of law.

### III. *Analysis*

### A. Jurisdiction

Cody's first argument on appeal is that the circuit court did not have jurisdiction to approve the disallowance of his claim because the record had already been lodged in the First Probate Appeal.

4

It is true that under general principles of appellate jurisdiction, the circuit court loses jurisdiction over matters that are entwined with an order on appeal when the record is lodged. *See Vanderpool v. Fid. & Cas. Ins. Co.*, 327 Ark. 407, 411, 939 S.W.2d 280, 283 (1997).

However, with regard to the procedure after appeal, Arkansas Code Annotated section 116(e) states: "An appeal shall stay other proceedings in the probate court except when, and to the extent that, the court finds that no interested person will be prejudiced and by order permits other proceedings to be had." A close reading makes clear that section 116(e) is not jurisdictional because it does not completely divest the circuit court of the ability to take action. Instead, the circuit court can allow itself to proceed simply by entering an order that finds no one will be prejudiced. Requiring the circuit court to lift the stay and permit further proceedings "by order" ensures that anyone who contends that he or she is prejudiced by further proceedings can appeal the order lifting the stay. If the circuit court went on to decide issues that were intertwined with the appeal, the proceedings would still be void on general principles.

*Guenther v. Guenther*, 2018 Ark. App. 538, 566 S.W.3d 132, supports this analysis. In *Guenther*, the appellant in a guardianship case died while the case was on appeal, just before Arkansas Rule of Appellate Procedure–Civil 12 established a procedure to substitute parties on appeal without remand. Under supreme court authority at that time, the proper procedure was to move for remand in the appellate court so parties could be substituted in the circuit court. Instead, in *Guenther*, counsel moved for the appointment of special administrators to substitute for the deceased administrator in the circuit court in which the

guardianship matter was pending, the circuit court granted the motion, then moved to supplement the appellate record with that order. We dismissed the appeal because the circuit court's order was void, holding that a previously articulated exception to jurisdictional divestment did not apply and that "[t]he circuit court was without authority to appoint special administrators to replace [the previous administrator], whose case was on appeal and squarely within this court's jurisdiction." *Guenther*, 2018 Ark. App. 538, at 3–4, 566 S.W.3d at 133–34.

The issue in *Guenther* involved the substitution of parties and *Guenther* established that the circuit court could not appoint a substitute for a party in an appeal until the case was remanded, which had not been done. There is no similar barrier before us. The circuit court had jurisdiction in the probate action.

The circuit court failed to enter an order finding that no party would be prejudiced by determining whether Cody's claim should be disallowed. However, that error was harmless. Any error that is "unaccompanied by prejudice or injury is not ground for reversal." *Keathley v. Yates*, 232 Ark. 473, 475, 338 S.W.2d 335, 446 (1960). The order in the First Probate Appeal was the circuit court's approval of a compromise settlement between the estate and Miller-Claborn. It had nothing to do with Cody or his claim on the estate. The issue in the First Probate Appeal was a matter collateral to Cody's claim, and this court's affirmance did not affect Cody's rights to proceed against the estate. The circuit court had jurisdiction to enter the order, and its failure to enter an order finding no party would be prejudiced was harmless and not grounds for reversal.

6

## B. Notice of Hearing

Because we find that the circuit court had jurisdiction to enter the order disallowing Cody's claim, we now move to Cody's other arguments.

Cody claims that he was not provided notice that the disallowance of claim would be the subject of the April 15 hearing and that the circuit court should be reversed for that reason. We disagree.

Arkansas Code Annotated section 28-50-105(a)(3) (Repl. 2012) requires that a claim that is disallowed by the administrator "shall be set by rule or order of the court for a hearing on a day certain, and notice of the hearing shall be given by the clerk to the personal representative, to the claimant, and to other persons, if any, as the court may direct."

We have held that when the circuit court did not hold a hearing at all, then the disapproval of a claim must be reversed. *See Nash v. Nash*, 2021 Ark. App. 188, 626 S.W.3d 106. Further, only substantial compliance is required with notice provisions in the Probate Code. *See Gibbins v. Hancock*, 267 Ark. 298, 303, 590 S.W.2d 280, 283 (1979); *Edwards v. Brimm*, 236 Ark. 588, 592, 367 S.W.2d 433, 436 (1963). In *Gibbins*, for example, the supreme court held that there was substantial compliance with the notice provision when it was "obvious appellant had full knowledge of all proceedings in this matter and had not been misled or had advantage taken of him." 267 Ark. at 303, 590 S.W.2d at 283.

It was not clearly erroneous for the circuit court to find that Cody had actual notice that the disallowance of claim would be addressed at the April 15 hearing. On December 9, 2020, estate counsel sent a letter to the circuit court asking for a hearing on the outstanding

7

motions in both the civil action and the probate action. All parties' attorneys were copied on that letter. That letter lists the disapproval of claim as one of the motions the estate wanted the circuit court to hear. Less than one month later, Cody filed his suggestion of bankruptcy. Then, on January 28, 2021, the bankruptcy court lifted the stay regarding the state cases. Approximately two weeks later, on February 12, the circuit court started trying to set a hearing. In his initial e-mail, Judge Yeargan stated he wanted to "set an in person hearing for the motions in the Miller-Claborn case and in Estate of John Z. Tackett[.]"

The notice of hearing was filed and sent to all the parties on April 6, 2021. That notice was clear that the hearing would cover matters in both the civil action and the probate action, even though it did not list specific motions. However, in the probate action, there were only four matters that had not been disposed of: (1) a motion to stay appeal filed by Freedman; (2) the disapproval of Cody's claim; (3) the fourth motion for payment of fees and expenses; and (4) a motion for enlargement of time to object to interim accounting.

The circuit court did not conduct hearings on any other motions for payment of fees and expenses, and the fourth such motion was no different from the others. The motion for enlargement of time had not been ruled on, but it was minor. Cody had objected to the interim accounting filed by Freedman, but that objection was filed only hours after the deadline because of a time-zone mix up. The motion for enlargement of time was simply to ask the circuit court to accept the late-filed objection. Therefore, the only substantive matters that the circuit court had not yet decided in the probate action were the motion to stay appeal and the disapproval of claim.

It was clear from the correspondence leading up to the hearing notice that the circuit court intended to hear the disallowance of Cody's claim at the April 15 hearing. Before the hearing, Mr. Arnold objected to the venue regarding the circuit court's ability to hear motions in the civil action. However, he never asked for clarification from the circuit court regarding which matters would be considered in the probate action. If he was truly confused about the subject of the hearing, Mr. Arnold had ample time to seek clarification. Given the remainder of the correspondence, it was not clearly erroneous for the circuit court to find that Cody was not taken advantage of or misled regarding the subject of the April 15 hearing. In light of the facts of this particular case, we hold that there was substantial compliance with the notice provision of the Probate Code and that Cody received sufficient?? notice of the subject matter of the April 15 hearing.

## C. Statute of Limitations

Because Cody received sufficient notice that his disallowance of claim would be heard, we move to the substance of the probate oder. Cody argues that his claim should not have been disallowed. However, the statute of limitations bars Cody's claim on the face of the case filings, and he presented no evidence that would toll the statute of limitations either at the hearing or otherwise. When a claim has been barred by the statute of limitations, it cannot be brought against an estate. *See Griffith v. Juarez*, 2022 Ark. App. 206, 645 S.W.3d 339 (holding that a quiet-title action was barred by the statute of limitations and could not be sustained against a decedent's estate).

Cody's affidavit of claim states that he personally paid debts incurred by John on behalf of Red River Sand and TTC. In this filing, Cody alleged John separated from the companies on December 1, 2012. This means the debts would have been incurred by that date. Further, the affidavit of claim does not allege that there was a written contract between John and Cody or any of the entities. Therefore, the statute of limitations to file a lawsuit was three years. *See* Ark. Code Ann. § 16-56-105 (Repl. 2005). Even if he had alleged a written contract, the statute of limitations would only extend to five years after the debt was incurred. *See* Ark. Code Ann. § 16-56-111 (Repl. 2005). By either measure, the presentment of claim was barred by the statute of limitations because it was not filed until 2020.

Although Cody claims to have affirmative defenses to the statute, he did not present any evidence to support those affirmative defenses at the hearing, so they must fail. The first alleged affirmative defense is that the statute of limitations was tolled because a lawsuit was filed regarding the debt. This argument fails. First, the civil action was filed more than three years after John had separated from TTC and Red River Sand, and as noted previously, there was no written obligation that Cody repay the debt. Second, the lawsuit was filed by Miller-Claborn against John. The lawsuit was not filed by Cody against John. Miller-Claborn's lawsuit against John would not serve to toll the statute of limitations to a claim by a third party against John. Cody could have chosen to file his own lawsuit against John before the statute ran, and he did not.

Cody's second alleged affirmative defense is that he claims to have paid part of the debt, which he argues would have tolled the statute of limitations. However, that affirmative

10

defense requires proof that a debtor was paying a creditor. In the present case, either the estate or John would be the debtor, and Cody would be the creditor. There are no allegations that John (the alleged debtor) made any payments to Cody (the alleged creditor). Instead, the claim here is that Cody (the alleged creditor) made payments on behalf of TTC and Red River Sand (third parties) to TTC's and Red River Sand's creditors (additional third parties). Cody's argument on this point, therefore, fails.

### D. Motion for New Trial

The final issue on appeal is whether the circuit court improperly denied Cody's motion for a new trial. On May 17, 2021, Cody moved for a new trial. Under Rule 4 of the Arkansas Rules of Appellate Procedure–Civil, this motion was deemed denied because the circuit court did not rule on it within thirty days.

In support of this point on appeal, Cody simply restates his arguments from other sections of his brief. As thoroughly discussed above, all those arguments fail.

For these reasons, we affirm the circuit court's disallowance of Cody's claim on the estate.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Arnold & Arnold*, by: *Stephen T. Arnold*, and *Robert S. Tschiemer*, for appellant.

*Burgess Law Firm, P.L.L.C.*, by: *John Mark Burgess* and *Mark C. Burgess*, for appellee.

11