Kenneth HARRISON *v.* STATE of Arkansas

CR 07-357                                                    260 S.W.3d 286

Supreme Court of Arkansas
Opinion delivered June 28, 2007

*Bill Luppen*, for appellant.

No response.

PER CURIAM. Appellant Kenneth Harrison filed a motion for belated appeal, conceding that he failed to file a timely

transcript in this appeal because his counsel did not give all parties an opportunity to be heard on Harrison's motion to extend the time for filing the transcript under Ark. R. App. P.–Civ. 5(b)(1)(C) (2006).

Harrison's counsel in this criminal case, Bill Luppen, conceded error, accepted responsibility for those errors and asked us to accept Harrison's late appeal. Instead of granting counsel's motion and referring the attorney's name to the Professional Conduct Committee, we remanded this matter to the trial court for its reconsideration as to whether Harrison's actions complied with Rule 5(b)(1)(C).[1] *See Harrison v. State*, 369 Ark. 518, 256 S.W.3d 482 (2007) (per curiam). Now, an amended order has been filed with this court, and it is now evident that Harrison did not comply with Rule 5.

Rule 5(a) requires an appellant to file the record on appeal within 90 days from the filing of the first notice of appeal, *unless* the time is extended by order of the circuit court. *See* Ark. R. App. P. –Civ. 5(a). However, "the circuit court, by order entered *before expiration of this period prescribed by Rule 5(a) or* a prior extension order, may extend the time for filing the record *only if* it makes the . . . findings" in Rule 5(b)(1)(A)-(E). *See* Ark. R. App. P.–Civ. 5(b) (emphasis added). Stated simply, *before the time to file the record on appeal has expired*, the appellant must file a motion explaining the reasons for the extension, and he or she must serve the motion on all counsel of record.

In this appeal, the record does not demonstrate that Harrison filed his motion for an extension *before* the time for filing his record had expired.[2] Under Rule 5(b), the order extending the time must actually be filed prior to the expiration of the time for filing the record, and in no event shall the time be extended more than seven months from the date of entry of the judgment or order. *See* Ark. R. App. P.–Civ. 5(b)(2).

---

[1] This court, in a per curiam order dated February 5, 1979, concluded that, when the record in a criminal appeal is not filed on time owing to the fault of counsel and counsel admits complete fault, the court would permit the record to be filed, publish a per curiam giving the name of the lawyer, and send the copy to the Committee on Professional Conduct, to be kept in its file for the Committee's information if a complaint of any kind should later be filed against that lawyer. *In re Belated Appeals in Criminal Cases*, 265 Ark. App'x 964, 582 S.W.2d 7 (1979) (per curiam).

[2] Although a motion for extension of time appears in the record, that motion does not bear a file-stamp from the circuit clerk's office, indicating that date on which the motion was filed.

■ As this court has often stated, appellants must comply strictly with Rule 5 in order to eliminate unnecessary delay in the docketing of appeals. *Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995). To assure that appeals are expedited, appellants are required to have the circuit court, "by order entered before expiration of the period prescribed under Rule 5(a) or a prior extension order," extend the time for filing the record only if the circuit court finds the five requirements set out in Rule 5(b)(1)(A)-(E) have been satisfied. Here, the record does not reflect that Harrison sought to comply with Rule 5 until *after* the time expired for filing the record on appeal. In fact, it appears from the record that Harrison only sought to comply with Rule 5 after this court remanded the matter to the circuit court for compliance.[3] Because this is a criminal appeal, we must grant the motion for belated appeal. However, due to his failure to comply with Rule 5, we refer Mr. Luppen to the Professional Conduct Committee.

---

[3] If Harrison had actually complied with Rule 5 before the time to file the record on appeal had expired, but the order granting the extension failed to state a finding to this effect, he could have sought a corrected order showing that he had complied with the rule and asked the circuit court to enter the amended order nunc pro tunc. However, as stated above, the amended order entered in this case indicates that Harrison simply did not comply with Rule 5's mandatory requirements.