2012 Ark. App. 286

**Brad WAGGONER, Appellant**

v.

**Carrie Lynn WAGGONER, Apellee.**

**No. CA 11–390.**

Court of Appeals of Arkansas.

April 25, 2012.

Joe O'Bryan, Cabot, for appellant.

Taylor & Taylor Law Firm, P.A., Tasha C. Taylor, Andrew M. Taylor, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Brad Waggoner files this appeal from the December 29, 2010 order of the Lonoke County Circuit Court. He argues that the trial court erred in (1) granting appellee Carrie Waggoner a divorce because the grounds for divorce were not corroborated; (2) imposing as a sanction for failure to comply with discovery that appellant not be permitted to testify in his own defense; and (3) failing to equally distribute the marital property between the parties and returning all other property to the party who owned it prior to the marriage. We affirm.

### Facts

Appellee brought this divorce action against appellant on September 2, 2009. As a sanction for appellant's failure to respond to discovery requests in a timely manner, the trial court, pursuant to Arkansas Rule of Civil Procedure 37 (2011), prohibited appellant from presenting any evidence at the hearing. Additionally, at the request of appellee, the trial court made an unequal division of marital and nonmarital property, as contemplated by Arkansas Code Annotated section 9–12–315(a) (Repl. 2009). The decree was entered on December 29, 2010, and appellant filed his notice of appeal on January 28, 2011.

### I. Corroboration of Grounds for Divorce

Although this court reviews domestic-relations cases de novo on the record, this court will not reverse a trial court's findings unless they are clearly erroneous. *Ransom v. Ransom*, 2009 Ark. App. 273, 309 S.W.3d 204. A trial court's finding is

clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed. *Id.* This court gives due deference to the superior position of the trial court to view and judge the credibility of the witnesses. *Id.*

Appellant argues that appellee's grounds for divorce were not sufficiently corroborated through appellee's sister, Kristina Mott. Ms. Mott testified that, during the marriage, she visited appellee about once a week at the marital home a few miles from where she lived. She explained that sometimes appellant would be at home during her visits, but most of the time he was not. At least one time, she saw appellee writing out some checks to pay the bills, but she added that she did not "know if that was a bone of contention between [appellee] and her husband." Appellant apparently told Ms. Mott that he played cards, but she could not recall any other "admissions."

Appellant acknowledges the tradition of requiring only "slight" corroboration of grounds in contested cases, citing *Moore v. Davidson,* 85 Ark.App. 104, 145 S.W.3d 833 (2004). Appellant claims that the problem with the corroboration in the present case is that he was not permitted to deny or answer anything that appellee or her witness said. Appellant was not allowed to present any witnesses, even his own testimony, to support his version of the events. He urges that it was not a situation, as in *Moore, supra,* with each party presenting witnesses to support their version of events. Although conceding that the divorce was contested, only one side presented evidence, and he claims that the corroboration was woefully less than "slight." *See McNew v. McNew,* 262 Ark. 567, 559 S.W.2d 155 (1977).

■ Appellee maintains, and we agree, that appellant failed to preserve this spe-

cific argument for appellate review. The argument that appellant presented to the trial court concerning corroboration was that appellee's witness had not sufficiently corroborated appellee's grounds for divorce. On appeal, he argues for the first time that appellee's grounds for divorce were not sufficiently corroborated because of his inability to testify. The record indicates that the only mention appellant made of his inability to testify below was his mere objection to the fact that the trial court disallowed his testimony. He did not make any argument to the trial court concerning how his inability to testify affected any issue in this case including, but not limited to, the corroboration of grounds. This court will not consider an argument first raised on appeal because appellant failed to make this argument to the trial court below. *See, e.g., Robbins v. Robbins,* 2011 Ark. App. 541, 2011 WL 4388298.

## II. Sanction for Failure to Comply with Discovery

■ Discovery requests in the form of written interrogatories were submitted by appellee to appellant during the course of litigation, the content of which is not known because neither the interrogatories nor appellant's responses thereto have been made a part of the record. Based upon the comments of counsel for both parties, appellee requested a witness list, a list of property, and a list of exhibits, and a motion to compel was filed May 17, 2010.

At the commencement of this action, the trial court had entered a temporary restraining order, which placed certain limits on financial transactions by the parties outside the usual course of business. The parties appeared before the court on June 8, 2010, at which time appellant advised the trial court that he had not been able to retain an attorney due to lack of funds. The trial court ordered that $10,000 be

withdrawn from a joint account at a Batesville bank, with $5,000 to be distributed to each party, and also ordered appellant to hire an attorney and respond to discovery by June 22, 2010. At the time of the hearing on August 27, 2010, appellant was represented by Ralph Blagg, and the interrogatories had been answered at 4:30 p.m. the prior day. As a result, the trial court sanctioned appellant by prohibiting him from presenting any evidence at the hearing to support his case. His counsel, however, was permitted to cross-examine appellee and her witnesses.

Arkansas Rule of Civil Procedure 37(b)(2) (2011) provides for sanctions in the event a party "fails to obey an order to provide or permit discovery." These sanctions include prohibiting the disobedient party from, among other things "introducing designated matters in evidence," and presumably matters that were the subject of the discovery requests would be the designated matters. Appellant acknowledges that he cannot in good faith argue that he should have been permitted to call witnesses and introduce documentary evidence or other exhibits that had been requested in discovery and not disclosed in a timely manner, or at least within a reasonable time. But he urges that the effect of the trial court's sanction was that he was prevented from developing any evidence other than by cross-examining hostile witnesses, and was even prevented from testifying in his own defense. Appellant contends that the trial court erred in sanctioning him for failing to comply with discovery by not permitting him to testify at the final hearing of this matter.

Appellee submits, and we agree, that appellant's argument on appeal goes far beyond the mere "objection" he stated at trial. Below, counsel for appellant made only the following nonspecific objection concerning the trial court's decision to preclude appellant's testimony:

Let me say for the record so it's clear, I do object to the fact that my client cannot testify. So I want to make sure that's a part of the record. I know the court has entered an order saying the sanctions are that he couldn't testify, so I just want to make it clear that we do object to that.

As the record in this case demonstrates, appellant failed to make any argument to the trial court concerning that court's decision to disallow his testimony at trial. He did not make arguments to the trial court that were based on federal law, as he now attempts to do on appeal. Because the arguments appellant makes to this court were not first presented to the trial court, he is precluded from raising them here for the first time on appeal. *Robbins, supra.* However, if we were to address this point, we note that Rule 37(b)(2) allowed the court to prohibit appellant's testimony, and we cannot say that the trial court abused its discretion in making that ruling.

### III. Division of Property

A trial court's unequal division of marital property will not be reversed unless it is clearly erroneous. *Bamburg v. Bamburg,* 2011 Ark. App. 546, 386 S.W.3d 31; *Keathley v. Keathley,* 76 Ark.App. 150, 61 S.W.3d 219 (2001). A trial court's finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Keathley, supra.* In reviewing a trial court's findings, this court defers to that court's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.* This court has recognized that trial courts have broad powers to distribute property in order to achieve an equitable distribution. *Id.* According to this court, the overriding purpose of the property-division statute is to enable the court to make a division of property that is fair

and equitable under the circumstances. *Id.* Arkansas law does not require a trial court to divide marital property equally between the parties where the trial court finds that an equal distribution is inequitable. *Bamburg,* supra; Ark.Code Ann. § 9–12–315 (Repl.2009). When making an unequal division of marital property, Arkansas law requires the trial court to consider the factors listed in section 9–12–315. *Bamburg, supra.* While the trial court must consider these factors and state its reasons for dividing property unequally, the court is not required to list each factor in its order, nor is it required to weigh all the factors equally. *Id.* Further, the Arkansas Supreme Court has determined that "the specific enumeration of the factors within the statute does not preclude a circuit court from considering other relevant factors, where exclusion of other factors would lead to absurd results or deny the intent of the legislature to allow for the equitable division of property." *Hernandez v. Hernandez,* 371 Ark. 323, 328, 265 S.W.3d 746, 750 (2007).

The contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker, is a factor the court may take into consideration when making a division of property on some other basis than an equal distribution. Ark.Code Ann. § 9–12–315(A)(1)(a)(viii). There are, however, other considerations that would mitigate in favor of an unequal distribution in appellee's favor: (i) the length of the marriage; (ii) age, health, and station in life of the parties; (iii) occupation of the parties; (iv) amount and sources of income; (v) vocational skills; (vi) employability; and (vii) estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income. Ark. Code Ann. § 9–12–315(A)(1)(a).

Appellee testified regarding the various properties and holdings that were available to be distributed to the parties upon a divorce and argued for an unequal division of the marital property, based upon appellant's level of contribution to the marital estate. The trial court found that:

> [Appellant] has contributed very little, either monetarily or non-monetarily, to the assets of the family. For the duration of the marriage, [appellee] substantially contributed to the acquisition, preservation and appreciation of marital property. In addition, [appellee] was the primary wage earner in the family while still performing the majority of the household chores, and supporting the child. [Appellee's] contributions to the marital assets and family far exceeded defendant's contribution.

Appellant argues that, based on the evidence presented at the hearing, the trial court should have appointed a commissioner and ordered a sale of the real estate at public auction to the highest bidder upon the terms and conditions and at the time and place fixed by the trial court. The proceeds of such sale, after deducting the cost and expenses of the sale, including the fee allowed the commissioner by the court for his or her services, should have been paid into the trial court, and by the trial court, divided among the parties in proportion to their respective rights in the premises.

Appellant makes the argument that the trial court should have awarded him half of all the parties' marital property for the first time on appeal. Appellant also argues for the first time on appeal that the real property owned by the parties is not susceptible to an equal division as provided in Arkansas Code Annotated section 9–12–315 without great prejudice to the parties interested. Because these arguments were not specifically raised below, appellee contends that they also should not be considered for the first time on appeal. *Robbins, supra.*

We hold that the trial court did not err in expressly finding that an unequal division of marital property was equitable in this case based on its consideration of all relevant factors for such a decision included in section 9–12–315. The trial court's order specifically includes its reasoning for the unequal division of the marital property.

Appellant acknowledges that the trial court was correct to consider the contributions of each party in deciding how to divide property but seems to argue that the trial court should have considered other factors in making its decision. Although the trial court was required to consider the factors listed in section 9–12–315, and to state the reasons for dividing property unequally, it was not required to list every factor in its order, nor was it required to weigh all the factors equally. *Bamburg, supra.* Furthermore, our supreme court has said that "the specific enumeration of the factors within the statute does not preclude a trial court from considering other relevant factors, where exclusion of other factors would lead to absurd results or deny the intent of the legislature to allow for the equitable division of property." *Hernandez,* 371 Ark. at 328, 265 S.W.3d at 750.

We hold that the trial court considered all of the relevant statutory factors *and* made specific findings concerning its reason for the unequal division of property. Appellant has failed to advance any argument on appeal explaining why the trial court's division of property was clearly erroneous. *See Keathley, supra.* Accordingly, we affirm.

Affirmed.

VAUGHT, C.J., and WYNNE, J., agree.