SLIP OPINION

Cite as 2016 Ark. 161

# SUPREME COURT OF ARKANSAS

No. CV–15–362

| | |
|---|---|
| | Opinion Delivered April 14, 2016 |
| RICHARD H. ASHLEY AND J.D. ASHLEY, JR., AS PERSONAL REPRESENTATIVES OF THE ESTATE OF J.D. ASHLEY, SR.; CANDACE BAUGHMAN; AND THE ESTATE OF CHAROLETTE ASHLEY, DECEASED APPELLANTS/CROSS-APPELLEES | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60PR-10-383] HONORABLE MORGAN E. WELCH, JUDGE |
| V. | |
| TODD H. ASHLEY APPELLEE/CROSS-APPELLANT | MOTION TO DISMISS DENIED; MOTION FOR SANCTIONS DENIED; AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL. |

JOSEPHINE LINKER HART, Associate Justice

Richard H. Ashley and J.D. Ashley, Jr., as the personal representatives of the estate of J.D. Ashley, Sr.; Candace Baughman; and the estate of Charolette Ashley, deceased (the Ashleys) appeal from the circuit court's nunc pro tunc order addressing deficiencies in an earlier order it had issued granting an extension of time for lodging the record in Todd H. Ashley's appeal. On cross-appeal, Todd Ashley appeals from the circuit court's probate order approving a settlement agreement among the Ashleys. Also pending before us is the Ashleys' motion to dismiss Todd's appeal, in which they argue that Todd failed to timely lodge the record for his appeal. The Ashleys have also asked for sanctions against Todd Ashley for filing a frivolous appeal. On direct appeal, we affirm the circuit court's nunc pro tunc order. On cross-appeal,

we affirm the circuit court's order approving the settlement agreement. Further, we deny the Ashleys' motion to dismiss and their motion for sanctions.

On direct appeal, the Ashleys challenge the circuit court's nunc pro tunc order in which the court stated that it was clarifying an earlier order that had granted an extension of time for lodging the record in the appeal brought by Todd Ashley. By way of background, on October 3, 2014, Todd Ashley filed a notice of appeal from the probate order approving the settlement agreement. On December 8, 2014, the court reporter averred that an extension of time was needed to prepare the record. On December 22, 2014, Todd Ashley filed a motion requesting that the court grant the additional time needed to prepare the record. On January 2, 2015, the circuit court granted the motion and extended the time to lodge the record to April 10, 2015.

On February 2, 2015, Todd Ashley filed a motion in which he noted that the order extending the time to lodge the record did not include the findings required by Rule 5(b) of the Arkansas Rules of Appellate Procedure–Civil. He asked the court to enter a nunc pro tunc order clarifying its findings of fact relating to the order granting the extension. The Ashleys objected, stating that the requirements of Rule 5(b) were not present when the January 2, 2015 order was entered. Particularly, they asserted that they had not been given an opportunity to be heard on the motion for an extension of time. The Ashleys noted that Rule 6 of the Arkansas Rules of Civil Procedure sets out time in which to respond to a motion. They asserted that according to the rule, they had until after January 2, 2015,[1] in which to respond

---

[1]In their argument to the circuit court and in their initial brief, the Ashleys stated that they had until January 13, 2015, but in their reply brief, they state that they had until January 6, 2015.

SLIP OPINION

to Todd Ashley's motion to extend the time for lodging the record but that the court instead granted the order on that day. Following a hearing, the circuit court entered the nunc pro tunc order on March 17, 2015. In the order, the court stated that the requirements of Rule 5(b) were in existence at the time the court's January 2, 2015 order was entered. On appeal, the Ashleys argue that the circuit court erred in entering the March 17, 2015 nunc pro tunc order because Rule 5(b) had not been complied with at the time the original motion for extension of time was granted.

The record on appeal is due to be filed in the appellate court within ninety days from the filing of the first notice of appeal. Ark. R. App. P.–Civ. (5)(a). If an extension of time is needed, Rule 5(b) provides as follows:

> (1) If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, may extend the time for filing the record only if it makes the following findings:
> > (A) The appellant has filed a motion explaining the reasons for the requested extension and served the motion on all counsel of record;
> > (B) The time to file the record on appeal has not yet expired;
> > (C) All parties have had the opportunity to be heard on the motion, either at a hearing or by responding by writing;
> > (D) The appellant, in compliance with [Arkansas Rules of Appellate Procedure–Civil] Rule 6(b), has timely ordered the stenographically reported material in the record on appeal or for the clerk to compile the record; and
> > (E) An extension of time is necessary for the court reporter to include the stenographically reported material in the record on appeal or for the circuit clerk to compile the record.

Historically, when an order fails to comply with Rule 5(b), we remand the matter to the circuit court for compliance with the rule. *See, e.g., Baxter v. Wing*, 2016 Ark. 42, at 2 (per curiam). On a remand for compliance with Rule 5(b)(1), the circuit court determines whether

the rule was complied with at the time the original motion for extension of time was filed and granted. *Id.* at 3. In those cases, we instruct the circuit court not to permit the parties the opportunity to correct any deficiencies, but instead to make the findings required by the rule as if they were being made at the time of the original motion. *Id.*

First, the Ashleys assert that they were entitled to a hearing before the January 2, 2015 order was entered. The language of the rule, however, provides that the circuit court must find that the parties "had the opportunity to be heard on the motion, either at a hearing or by responding by writing." Ark. R. App. P.–Civ. 5(b)(1)(C). Thus, a circuit court is not required to hold a hearing before entering an extension order if there is an opportunity to respond in writing.

Second, the Ashleys assert that even if a hearing was not required, Rule 5(b) had not been complied with at the time the original motion for extension of time was granted on January 2, 2015, because they did not have opportunity to be heard in writing on the original motion for extension of time. They note that the extension motion was filed on December 22, 2014, and that the extension order was entered on January 2, 2015. They assert that the order was entered before the expiration of the time period allowed to respond to motions under Rule 6(c) of the Arkansas Rules of Civil Procedure. In calculating their time to respond, the Ashleys state that Rule 6(a) provides that when the period of time prescribed or allowed is less than fourteen days, intermediate Saturdays, Sundays, or legal holidays are excluded from the computation, and they note that Christmas Eve, Christmas Day and New Year's Day are legal holidays. They also assert that, pursuant to Rule 6(d), an additional three days should be added

4

to the computation because Todd served the motion by electronic transmission. Thus, the Ashleys argue that the deadline to respond to the extension motion was after January 2, 2015, and accordingly, they did not have an opportunity to be heard in writing on the original motion for extension of time to file the record as required by Rule 5(b)(1)(B).

We note, however, that the rule does not provide an express time period in which a party must have an opportunity to be heard. Rather, the rule provides that the motion and order must be filed before the time has expired for lodging the record on appeal. Ark. R. App. P.–Civ. 5(b)(1)(B). Thus, we do not read into Rule 5(b) the time limitations imposed by the Arkansas Rules of Civil Procedure. Thus, the Ashleys had an opportunity to be heard, and they did not demonstrate how they might have been better served if their opportunity in which to be heard was longer.

Third, the Ashleys argue that the circuit court improperly corrected deficiencies in the January 2, 2015 order by making the findings required by Rule 5(b), contending again that they were not given an opportunity to be heard. In *Harrison v. State*, 370 Ark. 431, 260 S.W.3d 286 (2007) (per curiam), the record did not reflect compliance with the requirement of Rule 5(b)(1)(B) of filing the extension motion before the time to file the record had expired. We noted, however, that if he had complied with that requirement and the extension order failed to state a finding to that effect, he could have sought a corrected order showing that he had complied with the rule and asked the court to enter the amended order nunc pro tunc. Here, Todd Ashley followed a similar procedure, and the circuit court found that the requirements of the rule were met at the time the original motion for extension was granted.

We hold that the circuit court's order complied with Rule 5(b).

In the Ashleys' motion to dismiss, they argue that the record was not timely lodged because the record was supplemented after the due date for the filing of the record. We note that Todd Ashley lodged the record for his appeal on April 8, 2015. On August 31, 2015, the day his brief as cross-appellant was due in the Arkansas Court of Appeals, he filed a petition for writ of certiorari to complete the record because the record did not contain the hearings held on June 16, 2014, and July 18, 2014, both of which were pertinent to his cross-appeal. In response, the Ashleys contended that Todd Ashley's appeal should be dismissed because he did not lodge the entire record within the seven-month period allowed by Arkansas Rule of Appellate Procedure–Civil 5(b)(2), which provides that in "no event shall the time be extended more than seven (7) months from the date of the entry of the judgment or order." The court of appeals granted the motion to supplement the record, rendering the petition for writ of certiorari moot, and passed the motion to dismiss until the case was submitted. That motion is now before us.

Rule 6(e) of the Arkansas Rules of Appellate Procedure–Civil specifically states that "[i]f anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court before the record is transmitted to the appellate court, or the appellate court on motion made no later than 30 days after the appellee's brief is filed in the appellate court, or on its own initiative, may direct that the omission or misstatement be corrected, and if necessary, that a supplemental record be certified and transmitted." Thus, under Rule 6(e), Todd Ashley could properly correct the omission from

the record. Accordingly, we deny the motion to dismiss.

On cross-appeal, Todd Ashley appeals from the circuit court's probate order that approved a settlement agreement, arguing that the circuit court erred in finding that the agreement was in the best interest of the Estate of J.D. Ashley, Sr. At the time of his death, J.D. Ashley, Sr., was survived by his wife, Charolette Ashley; his four children by a previous marriage, Richard Ashley, J.D. Ashley, Jr., Melody Ashley, and Todd Ashley; and his stepdaughter, Candace Baughman, whom he included in his estate planning. His estate plan included a Last Will and Testament; the J.D. Ashley, Sr., Family Limited Partnership; and the J.D. Ashley, Sr., Revocable Trust. The will contained a pourover provision, whereby the residuary of his estate was to pass to the trust. At his death, amendments to the trust and the partnership provided that Charolette Ashley was to receive $5 million of the assets of the partnership, which the partnership was to purchase from her at that price, secured by a lien on the transferred assets, and payable to her over fifteen years with interest at six percent. The balance of the trust was to be divided and distributed in equal shares to the four children and Candace Baughman. Both the will and the trust contained a no-contest clause by which a beneficiary would forfeit his or her interests under the instruments by challenging their validity.[2]

---

[2]In addition to the aforementioned estate-planning devices, J.D. Ashley, Sr., provided for his heirs in other ways. He owned a forty percent interest in an entity called the Conservative Development Corporation, which owned five shopping centers. In 1993, he transferred ten percent of his stock to Richard Ashley, and with the remainder he created four irrevocable trusts for the benefit of Charolette Ashley, Candace Baughman, Melody Ashley, and Todd Ashley. He also established a trust composed of life-insurance benefits and naming Charolette Ashley as the beneficiary.

The circuit court admitted the will to probate, and as nominated in the will, the court appointed Richard Ashley and J.D. Ashley, Jr., as the personal representatives of the estate. Charolette Ashley filed an election to take against the will and objected to the inventory of the estate, asserting that her husband's interest in the partnership was erroneously omitted from the inventory because he had not transferred his partnership interest to the trust. Charolette Ashley also made claims against the estate as trustee on behalf of a trust for her benefit and a trust for Candace Baughman. A claim was also made by a company regarding a personal guaranty made by J.D. Ashley, Sr., on a loan to Candace Baughman and her husband. After litigation, the Arkansas Court of Appeals affirmed the circuit court's finding that her husband's interest in the partnership had been transferred to the trust prior to his death and was properly omitted from the inventory of the estate. *Ashley v. Ashley*, 2012 Ark. App. 236, 405 S.W.3d 419.

Charolette Ashley died on April 26, 2013, and Candace Baughman was appointed as the personal representative of her estate, and the estate was substituted as the proper party on Charolotte Ashley's behalf. The Ashleys filed a joint petition with the circuit court to approve a settlement agreement. To summarize, the settlement called for the purchase of Charolette Ashley's interest in the partnership for $5 million in cash; settled a claim by a trust for Charolette Ashley by having a limited liability company pay her $319,332,49; settled a claim by having the estate pay $140,983.21 to Charolette Ashley's trust; settled a claim by a trust for Candace Baughman by having the partnership pay her $137,336.99; settled a claim by the trust for Candace Baughman by having the estate pay her $59,460.75, which had been reduced by an offset for the payment of the personal guaranty; settled claims by a life-insurance trust of

J.D. Ashley, Sr., against the estate of Charolette Ashley by having her estate pay $120,000; settled issues relating to the issuance of fiduciary deeds in the estate, deeds from Charolette Ashley's estate to the partnership, and assignment of stock from the estate to the partnership; settled a claim by the estate of Charolette Ashley relating to the ownership of vehicles. In addition, the agreement provided for a general mutual release.

Prior to a hearing on the approval of the settlement agreement, Todd Ashley raised objections to the agreement. At a hearing on the agreement, the circuit court heard the testimony of Richard Ashley. Following the hearing, the circuit court approved the agreement, finding that the agreement was in the best interest of the estate. Todd Ashley appealed.

This court reviews probate proceedings de novo on the record, but we will not reverse the decision of the circuit court unless it is clearly erroneous. *Stautzenberger v. Stautzenberger*, 2013 Ark. 148, at 6, 427 S.W.3d 17, 21 This court will not overturn the circuit court's factual determinations unless they are clearly erroneous. *Id.*, 427 S.W.3d at 21. However, no deference is given to the circuit court on matters of law. *Id.*, 427 S.W.3d at 21.

Arkansas Code Annotated section 28-50-112 (Repl. 2012) provides that "[w]hen a claim against the estate has been filed or suit thereon is pending, if it appears to be in the best interest of the estate and subject to the court's authorization or approval, the creditor and personal representative may compromise the claim whether due or not due, absolute or contingent, liquidated or unliquidated." On appeal, Todd Ashley first argues that the circuit court's authority under the statute is limited to the approval of a settlement of claims made by a creditor against the estate. He contends that the settlement agreement embraces claims and

parties unrelated to the estate.

To the extent that the agreement settles matters unrelated to the probate of the estate of J.D. Ashley, Sr., those claims would not have required the circuit court's approval. Thus, settlement of claims beyond the scope of probate would have no bearing on whether the settlement of probate-related claims was in the best interest of the estate. On many occasions, this court has stated that an appellant must demonstrate prejudice or this court will not reverse. *See, e.g.*, *Viravonga v. Samakitham*, 372 Ark. 562, 571, 279 S.W.3d 44, 51 (2008). Todd Ashley did not present any evidence at the hearing, and he has not shown how he was prejudiced by any settlement of claims outside the scope of the probate of the estate of J.D. Ashley, Sr. While he further asserts that the settlement agreement may preclude him from pursuing his own claims against Richard Ashley and J.D. Ashley, Jr., for breach of fiduciary duty, we note that the agreement does not contain any language concerning any potential claims by Todd Ashley against Richard Ashley and J.D. Ashley, Jr., nor do we address them here.

Second, Todd Ashley asserts that certain findings made by the circuit court in its order approving the agreement are clearly erroneous. Particularly, he challenges the circuit court's statement that Todd Ashley was made aware of the settlement agreement at an advisory board meeting of the partnership and stated that he did not anticipate objecting to the settlement agreement. He further challenges the circuit court's statement that he did not take any affirmative action relating to the settlement agreement. The findings he challenges, however, were not relevant to the question of whether the settlement agreement was in the best interest of the estate. Rather, the court's findings focused on Todd Ashley's knowledge of the

agreement. Todd Ashley did not present evidence at the hearing, and the burden was on him to demonstrate prejudice. *Id.*, 279 S.W.3d at 51. He does not identify in his brief how he suffered prejudice from these findings. Because the findings he complains of were not material to the circuit court's decision on whether the agreement was in the best interest of the estate, he cannot demonstrate prejudice. Consequently, we affirm on this point.

Third, Todd argues that the circuit court erred in approving the payment of $5 million to Charolette Ashley's estate. He contends that Charolette Ashley may have forfeited her right to recover this amount based on the no-contest clauses contained in the will and the trust. He also asserts that, because the estate contained no assets and was insolvent, her election to assert her dower interest in the estate entitled her to nothing. He reasons that she would not have prevailed on any of her arguments and that it was improper for her to recover the $5 million.

The question in this case is whether, as required by section 28-50-112, the compromise was in the best interest of the estate. We note that had litigation ensued, the question of whether a spouse's election to take against the will triggers a no-contest clause would have been a question of first impression in this state. Also, the record indicates that the parties questioned whether, for purposes of calculating an elective share, the estate could be augmented with the assets of the trust; this, too, would have been a matter of first impression in this state had litigation been pursued. On this record, Todd Ashley's argument embarks on speculation regarding how this court would rule and claims that the settlement agreement was therefore not in the best interest of the estate. This court has not ruled on these issues, and we need not address these issues here. We are mindful that in its order, the circuit court addressed

the merits of the issue relating to the no-contest clause. Even so, because the only issue before us is whether the circuit court properly concluded that the settlement agreement was in the best interest of the estate, we need only observe that those issues have not been decided by this court, and such uncertainty supports the circuit court's finding that the settlement agreement was in the best interest of the estate. As for his claim that the estate was insolvent, we note that the trust documents provided for the trust to pay the costs of administration and claims against the estate. We further note that Richard Ashley testified that he was carrying out the wishes of his father and that paying the amount in a lump sum was more advantageous, rather than paying it out over fifteen years at six percent interest, because he was able to obtain a lower interest rate. Based on this record, we conclude that the circuit court did not clearly err in concluding that the settlement of this claim was in the best interest of the estate.

The Ashleys have also filed with this court a motion for sanctions against Todd Ashley for filing a frivolous appeal for improper purposes. Todd Ashley, however, could properly appeal whether the settlement agreement was in the best interest of the estate. We deny their motion.

Motion to dismiss denied; motion for sanctions denied; affirmed on direct appeal; affirmed on cross-appeal.

Special Justice ROBERT HUDGINS joins in this opinion.

GOODSON, J., not participating.

*Chisenhall, Nestrud & Julian, P.A.*, by: *Jim L. Julian*; and *The Law Office of Bruce H. Phillips, PLLC*, by: *Bruce H. Phillips*, for appellants.

*Todd H. Ashley*, pro se appellee.