Cite as 2024 Ark. App. 360

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-22-680

|  |  |
|---|---|
| CODY S. TACKETT, INDIVIDUALLY; TTC, INC.; RED RIVER SAND AND GRAVEL, INC.; S.W.A.T., INC.; SYNDERGY LOGISTICS, INC.; AND CST LOGISTICS, INC.<br><br>APPELLANTS<br><br>V.<br><br>MILLER-CLABORN OIL DISTRIBUTING CO., INC.; AMY FREEDMAN, SPECIAL ADMINISTRATRIX OF THE ESTATE OF JOHN Z. TACKETT, JR.; MELISSA WRIGHT TACKETT, INDIVIDUALLY; HWY 71 TRUCKING, LLC; AND JZT'S HWY 71 TRUCKING, LLC<br><br>APPELLEES | Opinion Delivered May 29, 2024<br><br>APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CV-15-112]<br><br>HONORABLE CHARLES A. YEARGAN, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

This appeal arises from lawsuit filed by Miller-Claborn Oil Distributing Co., Inc. ("Miller-Claborn"), against John Tackett, Jr., in 2015. We note that there was a previous appeal in a related probate action. In the first probate appeal, *Tackett v. Freedman*, 2022 Ark. App. 135, 641 S.W.3d 683, we affirmed the circuit court's order that approved a settlement between Miller-Claborn and John's estate. Additional facts and history can be found in *Tackett v. Miller-Claborn*, 2024 Ark. App. 359, ___ S.W.3d ___, and *Tackett v. Freedman*, 2024

Ark. App. 358, ___ S.W.3d ___, also handed down this date. Because there are facts that overlap all these appeals, we will reference the probate action that was filed in Sevier County as the "Probate Action" and the civil action that was filed in Little River County as the "Civil Action."

In this appeal, the appellants ask us to reverse the circuit court's order vacating a preliminary injunction as to the appellees.

We affirm.

## I. *Factual and Procedural Background*

The majority of the procedural background regarding the Civil Action is set out in *Tackett v. Miller-Claborn*, 2024 Ark. App. 359, ___ S.W.3d ___, also handed down on this date, but the relevant history and additional events are summarized here.

John died intestate while this Civil Action was proceeding against him in Little River County Circuit Court. In that lawsuit, Miller-Claborn alleged that John started corporations, moved assets between them, and titled property in the name of those various business entities, his children, his wife, or third parties in an attempt to avoid creditors.

On January 24, 2020, a few months after John's death, Miller-Claborn requested a temporary restraining order and preliminary injunction to prevent John's widow, Melissa, from selling some of John's assets. The circuit court granted a temporary restraining order to prevent any defendant from disposing of potential estate assets.

Later, on February 6, the circuit court entered a preliminary injunction against any party possessing estate assets or any other assets "subject to the claims of [Miller-Claborn][.]"

It prohibited those assets from being sold or otherwise disposed of. There were two exceptions: the preliminary injunction allowed certain personal property to be sold at auction and the proceeds deposited into the registry of the court, and it allowed the companies named in the lawsuit to continue day-to-day operations.

Meanwhile, in Sevier County, the circuit court had granted a petition to appoint an administratrix for John's estate (the "Probate Action"). Certain parties in the Probate Action entered into a settlement agreement, and we affirmed the order accepting that settlement agreement in *Tackett v. Freedman*, 2022 Ark. App. 135, 641 S.W.3d 683. The parties to that settlement were Miller-Claborn; Melissa; Hwy 71 Trucking, LLC; and JZT's Hwy 71 Trucking, LLC (the "Settling Parties").

The parties continued litigating the Civil Action after the settlement in the Probate Action and after the preliminary injunction had been entered. On January 26, 2022, the circuit court entered an order that struck all the appellants' pleadings and entered a default judgment in favor of Miller-Claborn. The appellants filed a timely notice of appeal of that order. *See Tackett v. Miller-Claborn*, 2024 Ark. App. 359, ___ S.W.3d ___. Despite the notice of appeal, the Civil Action continued. In order to comply with the terms of the settlement agreement that was affirmed in the Probate Action, the Settling Parties filed a joint motion to vacate the injunction and dismiss the lawsuit with prejudice as to those parties on May 13.

The appellants lodged the appellate record in the first civil appeal on June 1.

Then, on August 31, the circuit court granted the motion to dissolve the injunction with regard to the Settling Parties and dismissed Melissa, Hwy 71 Trucking, and JZT's Hwy 71 Trucking from the Civil Action. The appellants now appeal the dissolution of the preliminary injunction.

II. *Issues on Appeal*

A. Jurisdiction to Dissolve the Injunction

The appellants challenge the dissolution by arguing that the circuit court did not have jurisdiction to enter the order. Whether the circuit court could enter the order dissolving the injunction after the record had been lodged in this court is a matter of subject-matter jurisdiction. When analyzing subject-matter jurisdiction on appeal, this court's review is de novo. *Osage Creek Cultivation, LLC v. Ark. Dep't of Fin. & Admin.*, 2023 Ark. 47, at 5, 660 S.W.3d 843, 846.

Normally, the circuit court loses jurisdiction when the record is lodged on appeal. *Vanderpool v. Fid. & Cas. Ins. Co.*, 327 Ark. 407, 411, 939 S.W.2d 280, 283 (1997). This rule applies only

> to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court.

*Id.* at 412, 939 S.W.2d at 283. To determine whether the circuit court has jurisdiction, we must decide whether allowing the circuit court to proceed would "affect the pending appeal" or the issues on appeal. *Fewell v. Pickens*, 346 Ark. 246, 258, 57 S.W.3d 144, 151–52 (2001).

4

For example, a matter is not collateral when it is "fundamentally and inextricably intertwined" with the issues on appeal. *Box v. J.B. Hunt Transp., Inc.*, 2019 Ark. App. 334, at 15, 578 S.W.3d 719, 727.

Although the appellants rely on *Box*, the situation in that case is distinguishable from the situation here. In *Box*, the defendant in a lawsuit appealed a preliminary injunction. While the appeal was pending, the circuit court entered an order voluntarily dismissing the plaintiff's claims. We held the circuit court did not have jurisdiction to dismiss the lawsuit because the preliminary injunction was premised on the plaintiff's complaint and allegations. *Id.* at 15, 578 S.W.3d at 727.

That is not the case here. The appellants go to great lengths to argue that the main issue in the Civil Action is whether John was engaged in a conspiracy to shift assets around to avoid creditors, including Cody. However, the appellants have no claims remaining in the Civil Action. They brought counterclaims for civil conspiracy and fraud against Miller-Claborn. Those counterclaims were dismissed on November 2, 2020. They also brought cross-claims for conversion against Hwy 71 Trucking and Melissa. The circuit court dismissed those cross-claims on November 3, 2020.

Unlike in *Box*, the circuit court in this case has dissolved the injunction only as to parties that are not appellants in the first appeal of the Civil Action. None of the parties who are released from the injunction are subject to claims by any appellants. The supreme court has held that the circuit court retains jurisdiction to determine claims of parties who are not

involved in the appeal when they are collateral to the appeal. *See Bleidt v. 555, Inc.*, 253 Ark. 348, 350, 485 S.W.2d 721, 723 (1972).

The appellants also argue that the results on appeal of the Probate Action and the first appeal in the Civil Action will be rendered moot in the event that funds from any sale of assets are unavailable. We do not agree. First, the standard is whether the order is collateral to an issue in *this* case, not in the Probate Action. Second, the first civil appeal concerns a judgment against the appellants only, not against Melissa, Hwy 71 Trucking, or JZT's Hwy 71 Trucking. Nor will any money be owed to the appellants as a result of the orders appealed in the first civil appeal.

Because none of the issues in the first civil appeal are related to Melissa, Hwy 71 Trucking, or JZT's Hwy 71 Trucking, we hold that the dissolution of the injunction as to those parties is collateral, and the circuit court had jurisdiction to enter the order.

## B. Judicial Estoppel

The appellants next argue that Miller-Claborn is barred by judicial estoppel in seeking dissolution of the injunction.

This argument was not presented to the circuit court. This court "will not consider arguments made for the first time on appeal; parties are bound by the scope and nature of the arguments made to the circuit court." *Gen-Kal Pipe & Steel Corp. v. M.S. Wholesale Plumbing, Inc.*, 2019 Ark. App. 117, at 12, 573 S.W.3d 1, 7. This is true specifically with regard to judicial-estoppel arguments. *See City of Ft. Smith v. McCutchen*, 372 Ark. 541, 544,

279 S.W.3d 78, 81 (2008). Therefore, we do not address the appellants' judicial-estoppel argument.

## C. Motion for Sanctions

On February 17, 2023, Miller-Claborn filed a motion in this court for sanctions against the appellants, arguing that this appeal had no basis in law or fact. We considered that motion on March 29, 2023, and it was passed until the case was submitted.

Although we affirm the circuit court's order, we do not view the appellants' arguments as sufficiently egregious to warrant sanctions. *See Byrd v. Dark*, 322 Ark. 640, 646, 911 S.W.2d 572, 575 (1995). The motion is denied.

For these reasons, we affirm the circuit court's orders and deny Miller-Claborn's motion for sanctions.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Arnold & Arnold*, by: *Stephen T. Arnold*; and *Robert S. Tschiemer*, for appellants.

*Norton & Wood*, by: *Marshall C. Wood* and *Richard J. Kroll*, for separate appellee Miller-Claborn Oil Distributing Co., Inc.

*Fuqua Campbell, P.A.*, by: *Phil Campbell* and *Chris Stevens*, for separate appellees Melissa Wright Tackett and Hwy 71 Trucking, LLC.